UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| NORMAN SHAW, JR., | : | CIVIL NO: 3:20-CV-01594 |
| Plaintiff, | : | |
| v. | : | |
| | : | (Chief Magistrate Judge Schwab) |
| WAYNE MEMORIAL HOSPITAL EMERGENCY ROOM, | : | |
| Defendant. | : | |

**ORDER**
December 30, 2020

    The plaintiff, Norman Shaw, Jr., a federal prisoner, began this action on September 3, 2020, by filing a complaint naming the Wayne Memorial Hospital Emergency Room as the defendant. *Doc. 1* at 1.  Counsel for Wayne Memorial Hospital subsequently entered an appearance for the defendant noting that Wayne Memorial Hospital is improperly named in the caption as Wayne Memorial Hospital Emergency Room. *Doc. 7* at 1.  We will direct that the caption of the case be amended to name Wayne Memorial Hospital as the defendant.

    Shaw claims that Wayne Memorial Hospital violated the Emergency Medical Treatment and Active Labor Act ("EMTALA"), 42 U.S.C. § 1395dd. Although the complaint explicitly pleads only claims under EMTALA, Shaw

references gross negligence in the title of his complaint, and he attached to his complaint a certificate of merit.[1] *See doc. 1* at 1, 14.  Thus, it is unclear whether Shaw is attempting to plead a negligence claim against the defendant in addition to claims under EMTALA.

    A telephone status call was scheduled for September 30, 2020, with call-in instructions provided to defense counsel and to the prison where Shaw was then incarcerated. *See doc. 12*.  Defense counsel connected to the call. *See doc. 14* at 1.  But the prison did not, and the undersigned's courtroom deputy received a message that the prison was not able to connect to the call. *Id*.  Although the courtroom deputy attempted to connect the prison to the call, those attempts were unsuccessful. *Id*.  After further reviewing the file, instead of rescheduling the call, we ordered that the case proceed in the usual course. *Id*. at 2.

    On October 28, 2020, the defendant filed a "Notice of Intention to Enter Judgment of Non Pros for Failure to File a Certificate of Merit," and it served that notice on Shaw at the Federal Corrections Complex in Beaumont, Texas. *Docs. 18, 19*.  After Shaw informed the court that he had been transferred to the United States Penitentiary in Florence, Colorado, the defendant filed another "Notice of Intention to Enter Judgment of Non Pros for Failure to File a Certificate of Merit," and it served that notice on Shaw at his new address in Florence, Colorado. *Docs.*

---

[1] Pennsylvania Rule of Civil Procedure 1042.3(a) requires a certificate of merit in professional liability cases.

*22, 23*. On November 30, 2020, Shaw filed a response to the defendant's notice pointing out that he did, in fact, file a certificate of merit. *Doc. 24*. The defendant subsequently filed a reply asserting that Shaw's certificate of merit is defective. *Doc. 30*.[2]

On November 30, 2020, Shaw filed a motion for a default judgment. *See doc. 25*. With limited exceptions not applicable here, Local Rule 7.5 provides that "[w]ithin fourteen (14) days after the filing of any motion, the party filing the motion shall file a brief in support of the motion." M.D. Pa. L.R. 7.5. And "[i]f a supporting brief is not filed within the time provided in this rule the motion shall be deemed to be withdrawn." *Id*. Shaw has not filed a brief in support of his motion for a default judgment. Thus, in accordance with Local Rule 7.5, the motion is deemed withdrawn.

Even if Shaw's motion for a default judgment were not deemed withdrawn, he would not be entitled to a default judgment or a default against the defendant. 42 U.S.C. § 1997e(g), entitled "Waiver of reply," provides:

---

[2] The defendant makes the same argument that Shaw's certificate of merit is defective in several other filings. *See docs*. *26* (Defendant's motion to vacate or set aside default), *28* (Defendant's brief in opposition to Shaw's motion for a default judgment), *34* (Defendant's brief in support of motion to vacate or set aside default); *37* (Defendant's motion for leave to file a motion pursuant to Fed. R. Civ. P. 12(b)(6) *nunc pro tunc*); *38* (Defendants brief in support of its motion for leave to file a motion pursuant to Fed. R. Civ. P. 12(b)(6) *nunc pro tunc*); *40* (Praecipe for entry of judgment of non pros).

3

> **(1)** Any defendant may waive the right to reply to any action brought by a prisoner confined in any jail, prison, or other correctional facility under section 1983 of this title or any other Federal law.  Notwithstanding any other law or rule of procedure, such waiver shall not constitute an admission of the allegations contained in the complaint.  No relief shall be granted to the plaintiff unless a reply has been filed.
>
> **(2)** The court may require any defendant to reply to a complaint brought under this section if it finds that the plaintiff has a reasonable opportunity to prevail on the merits.

42 U.S.C.A. § 1997e(g).  "'Courts have consistently interpreted this provision as barring a prisoner plaintiff from obtaining an entry of default when no reply has been filed, because a defendant has no obligation to reply to the complaint.'" *Kendrick v. Hann*, No. 1:19-CV-1642, 2020 WL 1531234, at *2 (M.D. Pa. Mar. 31, 2020) (quoting *Steele v. Wetzel*, No. 14-4823, 2015 WL 7730938, at *2 (E.D. Pa. Nov. 6, 2015) (collecting cases), *report and recommendation adopted*, 2015 WL 7734103 (E.D. Pa. Nov. 30, 2015)).  But defendants '"can be defaulted for failing to follow a court order requiring [them] to respond to the complaint.'" *Id*.  Here, Shaw is a prisoner, he is asserting claims under a federal statute, and the court has not ordered the defendant to respond to the complaint.  Thus, pursuant to § 1997e(g), neither a default nor a default judgment against the defendant can be entered.

On December 3, 2020, the defendant filed a motion to vacate or, in the alternative, set aside entry of default.  A default has not, however, been entered in

4

this case. Thus, we will deny as moot the defendant's motion to vacate or set aside entry of default.

On December 15, 2020, the defendant filed a motion[3] for leave to file a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) *nunc pro tunc* and a brief in support of that motion. *Docs. 37, 38*. And on December 21, 2020, the defendant filed a "Praecipe for Entry of Judgment of Non Pros Pursuant to Pa. R. Civ. P. 1042.6." *Doc. 40*. In these documents the defendant repeats, *see* n.1, its contention that the Shaw did not file a certificate of merit that complies with Pa. R. Civ. P. 1042.3.

Pennsylvania Rule of Civil Procedure 1042.3(a) requires a certificate of merit in professional liability cases:

> (a) In any action based upon an allegation that a licensed professional deviated from an acceptable professional standard, the attorney for the plaintiff, or the plaintiff if not represented, shall file with the complaint or within sixty days after the filing of the complaint, a certificate of merit signed by the attorney or party [certifying] that either
>
> (1) an appropriate licensed professional has supplied a written statement that there exists a reasonable probability that the care, skill or knowledge exercised or exhibited in the treatment, practice or work that is the subject of the complaint, fell outside acceptable professional standards and that such conduct was a cause in bringing about the harm, or

---

[3] The defendant titled this document as a petition. Pursuant to Fed. R. Civ. P. 7(b)(1), "[a] request for a court order must be made by motion." We will construe the defendant's petition as a motion. In the future, the defendant shall correctly title the documents that it files.

5

> (2) the claim that the defendant deviated from an acceptable professional standard is based solely on allegations that other licensed professionals for whom this defendant is responsible deviated from an acceptable professional standard, or
>
> (3) expert testimony of an appropriate licensed professional is unnecessary for prosecution of the claim.

The form a certificate of merit should take is set forth in Pa. R. Civ. P. 1042.10 (providing that the certificate "shall be substantially on the following form" and then setting forth the three alternatives under Pa. R. Civ. P 1042.3(a) with a box for a checkmark before each alternative).

The certificate-of-merit requirement applies to civil actions in which a professional liability claim is asserted against a licensed professional, Pa. R. Civ. P. 1042.1(a), and it is a substantive law that applies in federal court to claims brought under the court's diversity jurisdiction. *Liggon-Redding v. Estates of Sugarman,* 659 F.3d 258, 265 (3d Cir. 2011).  It also applies to professional negligence claims under Pennsylvania law brought within the Court's supplemental jurisdiction. *See Robles v. Casey*, 1:10-CV-2663, 2013 WL 308699, at *7 (M.D. Pa. Jan. 25, 2013).

The "ultimate consequence of the failure to comply—termination of the suit—is effectuated in state court upon the filing of a praecipe with a prothonotary, who in turn enters a judgment of non pros." *Schmigel v. Uchal*, 800 F.3d 113, 117 (3d Cir. 2015) (footnote omitted).  There is no prothonotary in the federal system and dismissal is sought by filing an appropriate motion, not a praecipe. *See* Fed. R.

6

Civ. P. 7(b) ("A request for a court order must be made by motion."). The Third Circuit has "rejected the argument that the differences in the mechanism to accomplish [a] dismissal, i.e., a praecipe filed with a prothonotary in state court versus the filing of an appropriate motion in federal court," raises a conflict. *Schmigel*, 800 F.3d at 122. It also maintains that the certificate-of-merit "requirement and its conditions are facts that can form the basis of a motion for summary judgment." *Id.*

Here, Shaw has filed a certificate of merit stating that "expert testimony of an appropriate licensed professional is unnecessary for prosecution of this claim." *Doc. 1* at 14. In other words, Shaw selected the third option under Rule 1042.3(a). *See* Pa. R. Civ. P. 1042.3(a)(3) (setting forth the third option as "(3) expert testimony of an appropriate licensed professional is unnecessary for prosecution of the claim").

The defendant contends that expert testimony is necessary in this case, and as such, it characterizes Shaw's certificate of merit as inadequate and as a reason to dismiss his claims. The United States Court of Appeals for the Third Circuit has rejected, however, such an argument. It has held that a certificate of merit that chooses the third option—the expert-testimony-is-unnecessary option—complies with Rule 1042.3(a). *Liggon-Redding*, 659 F.3d at 265 (stating that "Liggon-Redding filed a certificate of merit in compliance with the Pennsylvania rules

wherein she indicated that expert testimony of an appropriate licensed professional was unnecessary for the prosecution of her complaint"). The court explained:

> There is no basis in Pennsylvania law that would permit a district court to reject a filing under Rule 1042.3(a)(3) in favor of one filed under Rule 1042.3(a)(1). Pennsylvania law expressly allows a plaintiff to proceed on the basis of a certification that expert testimony will not be required to prove her claim. Of course, the consequence of such a filing is a prohibition against offering expert testimony later in the litigation, absent "exceptional circumstances." Pa. R. Civ. P. 1042.3(a)(3), Note. A filing under this rule allows the case to proceed to discovery, leaving the consequence of [the plaintiff's] decision to be dealt with at a later stage of the litigation, such as summary judgment or trial.

*Id*. The court recognized that "a preliminary determination that expert testimony will be required in a particular case may seem to be an attractive option and superficially appear to serve the purpose of the certificate of merit requirement, which is to 'identify and weed out non-meritorious malpractice claims from the judicial system efficiently and promptly.'" *Id*. at 265 n.5 (quoting *Womer v. Hilliker,* 908 A.2d 269, 275 (Pa. 2006)). But it noted that "neither the rule nor Pennsylvania jurisprudence authorizes such an early determination." *Id*. "The Pennsylvania Supreme Court's decision in *Womer,* for example, speaks only in terms of the 'presence' or 'absence' of a certificate, and the plain language of the rule permits parties to certify that no expert will be required." *Id*.

As noted above, it is unclear whether Shaw is attempting to plead a negligence claim against the defendant in addition to claims under EMTALA. If he is pleading a negligence claim, the certificate-of-merit requirement applies to that claim.[4] But as set forth, the Third Circuit has rejected the defendant's argument that dismissal is warranted on the basis that Shaw selected the third option under Pa. R. Civ. P. 1042.3(a)(3).

In sum, we will grant the defendant leave to file a Rule 12(b)(6) motion *nunc pro tunc*, but we will not accept the proposed Rule 12(b)(6) motion attached to the defendant's motion for leave to file as that motion is based on the defendant's incorrection assertion that Shaw's claims should be dismissed because he selected the third option under Pa. R. Civ.P. 1042.3(a)(3). *See doc. 37* at 8–15.

Based on the foregoing, **IT IS ORDERED** that the caption of the case is amended to name Wayne Memorial Hospital as the defendant. **IT IS ALSO ORDERED** that Shaw's motion (*doc. 25*) for a default judgment is **DEEMED WITHDRAWN**, and the defendant's motion (*doc. 26*) to vacate or set aside default is **DENIED AS MOOT**. **IT IS FURTHER ORDERED** that the defendant's motion (*doc. 37*) for leave to file a Rule 12(b)(6) motion to dismiss *nunc pro tunc* is **GRANTED** to the extent consistent with this Order. The

---

[4] It appears that the defendant may be asserting that the certificate-of-merit requirement also applies to Shaw's claims under the EMTALA, a federal statute. But the defendant has not set forth any support for such an assertion. If that is, in fact, the defendant's position, it will need to brief that issue at the appropriate time.

9

defendant shall file its Rule 12(b)(6) motion within 21 days of the date of this Order. If the defendant elects not to file a 12(b)(6) motion, it shall file an answer to the complaint within 21 days of the date of this Order.

*S/Susan E. Schwab*
Susan E. Schwab
Chief United States Magistrate Judge